IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| BILLY JOE SUSTAITA, | * | |
| | * | |
| PLAINTIFF, | * | DOCKET NO. _____ |
| | * | |
| v. | * | JURY DEMANDED |
| | * | |
| OV TRUCKING, LLC, AND | * | |
| ARNALDO ALEXEI MAS PERDOMO, | * | |
| | * | |
| DEFENDANTS. | * | |

## COMPLAINT

COMES NOW Plaintiff, Billy Joe Sustaita, who files his Complaint, and shows unto the Court as follows:

## PARTIES

1. Plaintiff Billy Joe Sustaita (hereinafter referred to as "Mr. Sustaita" or "Plaintiff") is a resident of Farmers Branch, Dallas County, Texas.

2. Defendant, OV Trucking, LLC (hereinafter "OV Trucking"), is a corporation organized in the state of Tennessee with its principal place of business at 332 Willard Drive, Nashville, Tennessee 37211.

3. According to the Federal Motor Carrier Safety Administration, OV Trucking can be served with a copy of the complaint and summons through its registered agent, Warren M. Smith, Smith & Tomkins, 25 Century Blvd., Suite 606, Nashville, Tennessee 37214.

4. OV Trucking is a motor carrier registered with U.S. Department of Transportation under DOT number 3079728 and MC number 73954.

1

5. Upon information and belief, Defendant Arnaldo Alexei Mas Perdomo is a resident of, and domiciled in, the State of Tennessee and can be served with a copy of the complaint and summons at 300 Berkley Drive, #M3, Madison, Tennessee 37115.

6. **NOT TO BE READ TO THE JURY**: The Plaintiff alleges that one or more of the Defendants is uninsured, or underinsured, and as such invokes his contractual rights with his insurance carrier, American Access Casualty Company, who can be served through the Tennessee Commissioner of Insurance, 500 James Robertson Parkway, Nashville, TN 37242-1131.

## JURISDICTION AND VENUE

7. Jurisdiction is proper to this Court pursuant to 28 U.S.C. § 1332 as complete diversity between the parties exists, and the matter in controversy exceeds the sum or value of $75,000.00.

8. Venue is proper to this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendants are residents of the State of Tennessee, and one or more of the Defendants reside in this judicial district.

## RELATIONSHIP AND DUTIES OF PARTIES

9. Defendant OV Trucking was an interstate motor carrier based out of Tennessee and was transacting business in Fairfax County, Virginia, on the date of the wreck.

10. The provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and both OV Trucking and Arnaldo Alexei Mas Perdomo were subject to and required to obey these regulations at the time of the wreck and at all relevant times prior to the wreck.

11. Defendant OV Trucking is the owner of the tractor operated by Defendant Arnaldo Alexei Mas Perdomo at the time of the wreck.

12. The tractor-trailer had a gross vehicle weight rating (GVWR) of 26,001 or more pounds, making it a commercial motor vehicle.

13. At the time of the wreck, Defendant Arnaldo Alexei Mas Perdomo was an employee and/or agent of Defendant OV Trucking.

14. At all times relevant hereto, Defendant Arnaldo Alexei Mas Perdomo was a truck driver for Defendant OV Trucking and was acting within the scope and course of the business of Defendant OV Trucking.

15. At all times relevant hereto, Defendant OV Trucking was acting by and through its employees/agents and is responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, negligent entrustment, negligent hiring of an independent contractor, or similar theory of law.

16. At all times relevant hereto, Defendants were acting in a joint enterprise.

17. Defendant OV Trucking was a for-hire motor carrier transporting property in interstate commerce on the day of the wreck.

18. Defendant OV Trucking had a duty to maintain the tractor-trailer to ensure the safety of citizens on the roads, interstates and highways.

19. Defendant OV Trucking had a duty to properly hire qualified tractor-trailer drivers to ensure the safety of citizens on the roads, interstates and highways.

20. Defendant OV Trucking had a duty to property train its tractor-trailer drivers to ensure the safety of citizens on the roads, interstates and highways.

21. Defendant Arnaldo Alexei Mas Perdomo had a duty to inspect the tractor-trailer before driving it to ensure the safety of citizens on the roads, interstates and highways.

22. Defendant Arnaldo Alexei Mas Perdomo had a duty to give full attention to the traffic around him to ensure the safety of citizens on the roads, interstates and highways.

23. Defendant Arnaldo Alexei Mas Perdomo had a duty to operate the tractor-trailer with the same care as other similarly situated tractor-trailer drivers to ensure the safety of citizens on the roads, interstates and highways.

**STATEMENT OF FACTS**

24. All preceding statements of the Complaint are incorporated and realleged as if expressly set forth herein.

25. On or about May 6, 2021 at approximately 2:29 p.m., Defendant Arnaldo Alexei Mas Perdomo was driving a tractor-trailer, a commercial motor vehicle owned by Defendant OV Trucking, westbound on Interstate 66 in Fairfax County, Virginia.

26. The weather was clear, and the interstate was dry, straight and level.

27. Defendant Arnaldo Alexei Mas Perdomo entered a highway work zone that was in progress in this area of Interstate 66.

28. The work zone was properly signed, notifying westbound motorists of the road work ahead and a reduced construction zone speed limit of 55 miles per hour (mph).

29. Construction workers were present in the work zone.

30. Defendant Arnaldo Alexei Mas Perdomo was driving in the right travel lane of Interstate 66.

31. Westbound traffic ahead of Defendant Arnaldo Alexei Mas Perdomo was slowing and stopping due to the work zone.

32. Defendant Arnaldo Alexei Mas Perdomo failed to slow his speed in response to the conditions in the work zone, including the slowing and stopping traffic.

4

33. Defendant Arnaldo Alexei Mas Perdomo failed to maintain a safe distance behind the vehicles in front of him.

34. Defendant Arnaldo Alexei Mas Perdomo was following the vehicle in front of him too closely.

35. At the same time and place, Mr. Sustaita slowed and stopped his vehicle due to the stopping traffic ahead of him.

36. Defendant Arnaldo Alexei Mas Perdomo attempted to apply his brakes, but the brakes failed.

37. Defendant Arnaldo Alexei Mas Perdomo crashed into the rear of Mr. Sustaita's vehicle.

38. The force and momentum of the crash forcefully pushed Mr. Sustaita's vehicle into the rear of the vehicle in front of him.

39. Defendant Arnaldo Alexei Mas Perdomo failed to yield to the slowing and stopping traffic in his lane.

40. Defendant Arnaldo Alexei Mas Perdomo failed to give full attention to the roadway, endangering the safety of Mr. Sustaita, a member of the public.

41. Defendant Arnaldo Alexei Mas Perdomo failed to exercise the due care a licensed commercial motor vehicle driver would use in the operation of the tractor-trailer.

42. Defendant Arnaldo Alexei Mas Perdomo operated the tractor-trailer in a negligent, careless, reckless, and dangerous manner.

43. Defendant Arnaldo Alexei Mas Perdomo told the investigating trooper of the Virginia State Police that his brakes failed.

44. Defendant Arnaldo Alexei Mas Perdomo told the investigating trooper of the Virginia State Police that this was the second time the brakes failed on the tractor-trailer.

45. Defendant Arnaldo Alexei Mas Perdomo told the investigating trooper of the Virginia State Police that his "boss" at Defendant OV Trucking informed him that the brakes were fixed after the first brake failure.

46. The Virginia State Police investigated the crash and issued Defendant Arnaldo Alexei Mas Perdomo a citation for reckless driving (bad brakes).

47. On August 10, 2021, Defendant Arnaldo Alexei Mas Perdomo was tried in absentia and found guilty of the offense of reckless driving (bad brakes) in the Fairfax County General District Court, Case No. GT21039699-00.

48. Mr. Sustaita is a member of the public.

49. No act of Mr. Sustaita was a cause of the wreck

50. No failure to act by Mr. Sustaita was a cause of the wreck.

51. Mr. Sustaita bears zero percent (0%) fault for the wreck.

52. Mr. Sustaita's vehicle was a total loss as a result of the wreck.

53. Mr. Sustaita was seriously injured as a result of the wreck.

### COUNT I
### NEGLIGENCE OF OV TRUCKING
### NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, SUPERVISION, RETENTION, AND MAINTENANCE

54. All preceding statements and allegations of the Complaint are incorporated and realleged as if expressly set forth herein.

55. Regardless of the employment relationship, Defendant OV Trucking is the registered owner of DOT number 3079728 and MC number 73954, displayed on the tractor involved in this wreck and is therefore responsible for the acts of the driver of that commercial motor vehicle.

56. At all times relevant to this cause of action, Defendants OV Trucking and Arnaldo Alexei Mas Perdomo were subject to and required to obey the minimum safety standards

established by the Federal Motor Carrier Safety Regulations ("FMCSR") (49 CFR §§ 301-399), either directly or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.08 and pursuant to T.C.A. §§ 65-2-102 and 65-15-113, and the Virginia Department of Public Safety, Department of State Police, pursuant to § 52-8.4 of the Code of Virginia and Administrative Regulations 19VAC30-20-40 and 19VAC30-20-80.

57. The FMCSR was enacted to prevent crashes involving members of the public, such as Mr. Sustaita.

58. The Defendants will be shown at trial to have violated the Federal Motor Carrier Safety Regulations which constitutes negligence *per se*, including but not limited to:

  a. Part 383 Commercial Driver's License Standards

  b. Part 390 General

  c. Part 391 Qualifications of Drivers

  d. Part 392 Driving of Commercial Motor Vehicles

  e. Part 393 Parts and Accessories Necessary for Safe Operation

  f. Part 395 Hours of Service

  g. Part 396 Inspection, Repair, and Maintenance

59. Defendant OV Trucking was required to teach and train Defendant Arnaldo Alexei Mas Perdomo so that he was able to understand and obey the rules and regulations contained in the FMCSR.

60. Defendant OV Trucking was negligent in:

  a. failing to properly maintain the tractor-trailer involved in the collision;

  b. failing to inspect and repair the tractor-trailer involved in the collision;

  c. hiring and/or contracting with Defendant Arnaldo Alexei Mas Perdomo to drive the tractor-trailer at issue;

7

d. failing to train Defendant Arnaldo Alexei Mas Perdomo on the provisions of the FMCSR and Commercial Driver's Manual;

e. failing to train Defendant Arnaldo Alexei Mas Perdomo to properly drive the tractor-trailer;

f. failing to train Defendant Arnaldo Alexei Mas Perdomo to properly inspect the tractor-trailer;

g. failing to train Defendant Arnaldo Alexei Mas Perdomo to properly maintain the tractor-trailer;

h. entrusting Defendant Arnaldo Alexei Mas Perdomo with the tractor-trailer;

i. failing to supervise Defendant Arnaldo Alexei Mas Perdomo while driving the tractor-trailer;

j. retaining Defendant Arnaldo Alexei Mas Perdomo to drive the tractor-trailer;

k. failing to conduct proper and required checks on the background of their employee, agent and/or contractor, Defendant Arnaldo Alexei Mas Perdomo; and

l. failing to exercise ordinary care to determine their employees' agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate.

61. Defendant OV Trucking had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe and negligently failed to do so.

62. Defendant OV Trucking violated multiple regulations in the areas of unsafe driving, hours of service ("HOS") compliance, driver fitness, and vehicle maintenance before the U.S. Department of Transportation placed it out-of-service and prohibited it from operating commercial motor vehicles in interstate commerce, as shown in the Violation Summary and Inspection History below:[1]

---

[1] Safety Measurement System – Complete SMS Profile (U.S. DOT #3079728) downloaded March 10, 2022; https://ai.fmcsa.dot.gov/SMS/Carrier/3079728/CompleteProfile.aspx.

## VIOLATION SUMMARY

Violations: 12

| Violations | Description | # Violations | # OOS Violations | Violation Severity Weight | BASIC |
|---|---|---|---|---|---|
| 392.2C | Failure to obey traffic control device | 2 | 0 | 5 | Unsafe Driving |
| 392.2LV | Lane Restriction violation | 1 | 0 | 3 | Unsafe Driving |
| 395.8(a) | No drivers record of duty status when one is required | 1 | 1 | 5 | HOS Compliance |
| 395.8(e) | False report of drivers record of duty status | 2 | 1 | 7 | HOS Compliance |
| 383.23(a)(2) | Operating a CMV without a CDL | 1 | 1 | 8 | Driver Fitness |
| 393.28 | Improper or no wiring protection as required | 1 | 0 | 3 | Vehicle Maint. |
| 393.45B2PC | Brake Hose or Tubing Chafing and/or Kinking - Connection to Power Unit | 1 | 1 | 4 | Vehicle Maint. |
| 396.3(a)(1) | Inspection, repair and maintenance of parts and accessories | 1 | 1 | 2 | Vehicle Maint. |
| 396.3A1BL | Brake system pressure loss | 1 | 1 | 4 | Vehicle Maint. |
| 396.3(a)1BOS | BRAKES OUT OF SERVICE: The number of defective brakes is equal to or greater than 20 percent of the service brakes on the vehicle or combination | 1 | 1 | 0 | Vehicle Maint. |

## INSPECTION HISTORY

Total Inspections: 9

| Inspection Date | Number | State | Plate Number | Plate State | Type | Severity Weight (SW) | Time Weight (TiW) |
|---|---|---|---|---|---|---|---|
| 3/2/2021 | TNTCMY000153 | TN | L7447HY | TN | TRUCK TRACTOR | | 2 |
| HOS Compliance Violation: 395.8(e) False report of drivers record of duty status | | | | | | 7 | |
| 1/15/2021 | TNTEZH000083 | TN | L7447HY | TN | TRUCK TRACTOR | | 1 |
| 8/19/2020 | TNTNTB003241 | TN | J7026HY | TN | TRUCK TRACTOR | | 1 |
| Vehicle Maint. Violation: 396.3(a)(1) Inspection, repair and maintenance of parts & accessories (OOS) | | | | | | 2 + 2 (OOS) | |
| Vehicle Maint. Violation: 396.3A1BL Brake system pressure loss (OOS) | | | | | | 4 + 2 (OOS) | |
| Vehicle Maint. Violation: 396.3(a)1BOS BRAKES OUT OF SERVICE: The number of defective brakes is equal to or greater than 20 percent of the service brakes on the vehicle or combination (OOS) | | | | | | 0 + 2 (OOS) | |
| 7/22/2020 | FL1893002414 | FL | G5867HY | TN | TRUCK TRACTOR | | 1 |
| 6/11/2020 | TNTBWV005097 | TN | G5867HY | TN | TRUCK TRACTOR | | 1 |
| HOS Compliance Violation: 395.8(e) False report of drivers record of duty status (OOS) | | | | | | 7 + 2 (OOS) | |
| 5/19/2020 | GA1286001695 | GA | G9624HY | TN | TRUCK TRACTOR | | 1 |
| Unsafe Driving Violation: 392.2LV Lane Restriction violation | | | | | | 3 | |
| 5/13/2020 | GA0145003574 | GA | G5867HY | TN | TRUCK TRACTOR | | 1 |
| Unsafe Driving Violation: 392.2C Failure to obey traffic control device | | | | | | 5 | |
| 3/12/2020 | GA1314001754 | GA | G5867HY | TN | TRUCK TRACTOR | | 1 |
| Driver Fitness Violation: 383.23(a)(2) Operating a CMV without a CDL (OOS) | | | | | | 8 + 2 (OOS) | |
| Unsafe Driving Violation: 392.2C Failure to obey traffic control device | | | | | | 5 | |
| 3/11/2020 | MD3091002541 | MD | K8767HY | TN | TRUCK TRACTOR | | 1 |
| Vehicle Maint. Violation: 393.28 Improper or no wiring protection as required | | | | | | 3 | |
| Vehicle Maint. Violation: 393.45B2PC Brake Hose or Tubing Chafing and/or Kinking - Connection to Power Unit (OOS) | | | | | | 4 + 2 (OOS) | |
| HOS Compliance Violation: 395.8(a) No drivers record of duty status when one is required (OOS) | | | | | | 5 + 2 (OOS) | |

63. As of March 10, 2022, Defendant OV Trucking's out of service rate for its tractor-trailer was 66.7%, as compared to the national average of 21.1%.

64. Defendant OV Trucking's tractor-trailer was placed out-of-service on two prior occasions before the wreck due to brake-related issues.

65. As of March 10, 2022, Defendant OV Trucking's out of service rate for its driver(s) was 33.3%, nearly six times the national average of 5.7%.

66. Defendant OV Trucking, through its agents and employees, knew, had reason to know, or should have known by exercising reasonable care, about the risks set forth in this complaint and that by simply exercising reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

    a. the risks associated with failing to properly maintain its tractor-trailer;

    b. the risks associated with failing to properly inspect its tractor-trailer;

    c. the risks associated with failing to properly repair the brakes on its tractor-trailer;

    d. the risks associated with unsafe and unqualified drivers;

    e. the risks associated with failing to train drivers to obey the FMCSR;

    f. the risks associated with failing to train drivers to follow minimum driving standards for commercial drivers;

    g. the risks associated with failing to train drivers to follow minimum inspection standards for commercial drivers;

    h. the risks associated with failing to train drivers to follow minimum maintenance standards for commercial drivers;

    i. failing to ensure its routes could be driven within hours-of-service;

    j. requiring drivers to meet unrealistic driving goals which OV Trucking knew, had reason to know, or should have known would cause its drivers to violate the hours-of-service regulations;

k. the risks associated with aiding and abetting its drivers to exceed the maximum hours-of-service;

l. failing to have policies and procedures in place to identify undertrained and unqualified drivers;

m. failure to appropriately implement and enforce risk management policies and procedures to monitor and assess Defendant Arnaldo Alexei Mas Perdomo once he was hired; and

n. failing to use the composite knowledge reasonably available to OV Trucking to analyze the data available to it to identify the risk, take steps to reduce or eliminate the risk, and to protect members of the public from that risk.

67. The negligence of OV Trucking was a proximate cause of the injuries sustained by Mr. Sustaita.

68. As a result of Defendant OV Trucking's actions and inactions, Mr. Sustaita suffered serious injuries affecting his activities of normal daily living.

69. The negligence of Defendant OV Trucking individually, or combined and concurring with the negligence of Defendant Arnaldo Alexei Mas Perdomo, was a legal and proximate cause of the damages to Mr. Sustaita, for which Mr. Sustaita is entitled to receive restitution for past, present and future economic and non-economic damages to the extent allowed by law.

70. The injuries suffered by Mr. Sustaita are the type that are foreseeable consequences of a negligent act.

## COUNT II
## NEGLIGENCE OF ARNALDO ALEXEI MAS PERDOMO

71. All preceding statements and allegations of the complaint are incorporated and realleged as if expressly set forth herein.

72. Drivers upon the roads of Virginia are charged with a duty to drive as a reasonable and ordinary person would drive.

73. Virginia laws define the minimum standards of how a reasonable and ordinary person should operate a vehicle.

74. The tractor-trailer driven by Defendant Arnaldo Alexei Mas Perdomo was driven with the permission, and at the direction of, Defendant OV Trucking.

75. Upon information and belief, the tractor-trailer driven by Defendant Arnaldo Alexei Mas Perdomo was driven in the course and scope of his employment with the business of Defendant OV Trucking.

76. Regardless of the employment relationship, Defendant OV Trucking is the registered owner of DOT number 3079728 and MC number 73954, displayed on the tractor involved in this wreck and is therefore responsible for the acts of the driver of that commercial motor vehicle.

77. At the time and place of this wreck, Defendant Arnaldo Alexei Mas Perdomo was generally negligent under the circumstances then and there existing in that he:

    a. failed to keep a proper lookout;

    b. failed to keep his vehicle under control;

    c. failed to slow his speed;

    d. failed to maintain a safe distance around his vehicle;

    e. failed to operate his vehicle in a safe and prudent manner in view of the conditions which existed at the time of the wreck;

    f. failed to operate his vehicle in a manner considerate of the safety and lives of other persons lawfully on the roadway;

    g. failed to inspect his vehicle in a manner considerate of the safety and lives of the others persons lawfully on the road;

    h. operated his vehicle in a reckless manner;

    i. operated his vehicle with knowledge that the brakes were deficient; and

    j. such other actions or inactions that may be shown at a hearing of this cause.

12

Case 3:22-cv-00312 Document 1 Filed 04/29/22 Page 12 of 17 PageID #: 12

78. Defendant Arnaldo Alexei Mas Perdomo's negligence was a direct and proximate cause of the collision with Mr. Sustaita.

79. Defendant Arnaldo Alexei Mas Perdomo's negligence was a direct and proximate cause of the injuries suffered by Mr. Sustaita.

80. As a result of Defendant Arnaldo Alexei Mas Perdomo's actions and inactions, Mr. Sustaita suffered serious injuries affecting his activities of normal daily living.

81. The negligence of Defendant Arnaldo Alexei Mas Perdomo individually, or combined and concurring with the negligence of Defendant OV Trucking, was a legal and proximate cause of the damages to Mr. Sustaita, for which Mr. Sustaita is entitled to receive restitution for past, present and future economic and non-economic damages to the extent allowed by law.

82. The injuries suffered by Mr. Sustaita are the type that are foreseeable consequences of a negligent act.

## COUNT III
## NEGLIGENCE *PER SE*

83. All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein.

84. At the time and place of this wreck, Defendant Arnaldo Alexei Mas Perdomo was negligent *per se* in that he violated one or more of the statutes of the State of Virginia; to include but not be limited to:

   a. Code of Virginia § 46.2-816        Following Too Closely;

   b. Code of Virginia § 46.2-852        Reckless Driving (general rule);

   c. Code of Virginia § 46.2-853        Reckless Driving – Faulty Brakes;

   d. Code of Virginia § 46.2-861        Reckless Driving – Too Fast for Conditions;

  e. Code of Virginia § 46.2-1066    Brakes;

  f. Code of Virginia § 46.2-1067    Brakes - Stopping Distances; and

  g. Code of Virginia § 46.2-1070    Brakes on Trailers.

85. Defendant Arnaldo Alexei Mas Perdomo was also subject to the "Federal Motor Carrier Safety Regulations" 49 CFR §§ 301-399 either directly, or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.08 and pursuant to T.C.A. §§ 65-2-102 and 65-15-113, and the Virginia Department of Public Safety, Department of State Police, pursuant to § 52-8.4 of the Code of Virginia and Administrative Regulations 19VAC30-20-40 and 19VAC30-20-80.

86. Defendant Arnaldo Alexei Mas Perdomo will be shown at trial to have violated one or more of the Federal Motor Carrier Safety Regulations which constitutes negligence *per se*, including but not limited to:

  a. Part 383   Commercial Driver's License Standards

  b. Part 390   General

  c. Part 391   Qualifications of Drivers

  d. Part 392   Driving of Commercial Motor Vehicles

  e. Part 393   Parts and Accessories Necessary for Safe Operation

  f. Part 395   Hours of Service

  g. Part 396   Inspection, Repair, and Maintenance

87. Defendant Arnaldo Alexei Mas Perdomo will be shown at trial to have violated the state and Federal Motor Carrier Safety Regulations, which constitutes negligence *per se*.

88. The negligence of Defendant Arnaldo Alexei Mas Perdomo individually, or combined and concurring with the negligence of Defendant OV Trucking, was a legal and proximate cause of

the damages to Mr. Sustaita for which Mr. Sustaita is entitled to receive restitution for past, present and future economic and non-economic damages to the extent allowed by law.

89. The injuries suffered by Mr. Sustaita are the type that are foreseeable consequences of a negligent act.

## COUNT IV
### *RESPONDEAT SUPERIOR*

90. All preceding statements and allegations of the complaint are incorporated and realleged as if expressly set forth herein.

91. At all times relevant hereto, Defendant OV Trucking was acting by and through its employees/agents and are responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, or similar theory of law.

## COUNT V
### DAMAGES

92. All preceding statements and allegations of the complaint are incorporated and realleged as if expressly set forth herein.

93. As a direct and proximate result of the Defendants' negligence, Mr. Sustaita was made to suffer economic and non-economic damages to the extent allowed by the law for restitution to take place.

94. The damages suffered by Mr. Sustaita fall within the foreseeable range of harms that result from Defendants' negligence.

95. As set forth more fully in the facts hereinabove, each of the Defendants acted in a willful, wanton and reckless manner which either alone, or combined and concurring with the actions of the other Defendants' acts of negligence, directly and proximately caused the collision and Mr. Sustaita's injuries.

96. Defendants knowingly, intentionally, recklessly, and/or willfully disregarded the Federal Motor Carrier Safety Regulations.

97. Defendants' conduct was of such recklessness or negligence as evinces a conscious disregard for the life and safety of Mr. Sustaita and for the lives and safety of the motoring public generally, and these Defendants are therefore liable to Mr. Sustaita for punitive damages.

**WHEREFORE**, Plaintiff prays the following will be granted:

a. Trial by jury;

b. That a Summons and Complaint be issued against the Defendants;

c. For judgment against the Defendants to make restitution to Plaintiff for his past, present, and future economic and non-economic damages;

d. For judgment against the Defendants in an amount the jury believes to be just, fair and equitable, given the facts and after hearing the issues in this case, not to exceed the sum of two million dollars ($2,000,000).

e. For an award of punitive damages against Defendants in an amount the jury believes to be just, fair, and equitable, given the facts and after hearing the issues in this case, not to exceed the amount of two million dollars ($2,000,000).

e. For Court costs and discretionary costs;

f. That any caps on non-economic damages should be declared unconstitutional; and

g. For all such further and general relief which this Court deems just and proper.

Respectfully submitted,

TRUCK WRECK JUSTICE, PLLC

BY: _/s/ Danny R. Ellis_
      DANNY R. ELLIS, BPR #20747
1419 Market Street
Chattanooga, TN 37402
Telephone: 423 + 265-2020
Fax: 423 + 265-2025

*Attorneys for Plaintiff*